(104 P.3d 403)

No. 90,904

STATE OF KANSAS, *Appellee*, v. PATRICIA M. KNIGHT, *Appellant*.

Opinion filed September 17, 2004.

*Heather Cessna*, assistant appellate defender, for appellant.

*Charles L. Rutter* and *Matt J. Maloney*, assistant district attorneys, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MARQUARDT, P.J., HILL and MCANANY, JJ.

MCANANY, J.: Patricia M. Knight appeals her conviction of illegal possession of pseudoephedrine. The central and decisive issue of

this appeal is the propriety of the stop that led to Knight's arrest and this conviction. Finding neither a traffic infraction nor other reasonable suspicion that justified the stop of the vehicle occupied by Knight, we reverse.

A Wichita grocery store security guard observed a man purchasing two boxes of cold pills, a six-pack of bottled water, and table salt. Suspecting that these items were for the manufacture of methamphetamine, the security guard called the police.

Officer Wannow responded and observed the suspect, later identified as Eric Brooker, get into the driver's seat of an automobile parked in the grocery store parking lot. A few minutes later, two individuals, later identified as David and Patricia Knight, approached from the direction of the grocery store and entered the vehicle. Officer Wannow did not observe the Knights carrying anything.

The Brooker vehicle drove across the parking lot to the exit where it entered the adjoining public street without the use of any turn signal. Officer Wannow stopped Brooker's vehicle for the purported traffic violation of exiting from a private drive onto a public street without signaling a turn. This traffic stop lead to the ultimate discovery in the vehicle of various ingredients and equipment used in the manufacture of methamphetamine and to Knight's incriminating statements to the police. Knight was charged with illegal possession of pseudoephedrine. She filed a motion to suppress the seized evidence and her statements. The parties agreed to a consolidated hearing on Knight's motion and a bench trial.

The trial court found the stop of the vehicle was valid, there was probable cause to arrest Knight, the search of the vehicle was a lawful search incident to the arrest, and Knight's post-*Miranda* statements were admissible. Following the bench trial Knight was found guilty and was placed on probation for 12 months with an underlying prison term of 12 months.

There is no dispute regarding the facts established at the suppression hearing. Thus, the question whether the evidence should have been suppressed is a question of law over which we have unlimited review. *State v. Boyd*, 275 Kan. 271, 273, 64 P.3d 419 (2003).

The pretext for Officer Wannow's stop of the Brooker vehicle was the violation of the City of Wichita Code No. 11.28.040(a), which states:

"(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 11.28.030, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a highway unless and until such movement can be made with reasonable safety, and no person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided."

According to Officer Wannow, Brooker's vehicle traveled eastbound through the grocery store parking lot, stopped at the driveway, and then turned left to go northbound on Broadway Street. The Wichita City Code regulates various movements on the public streets. Entering a public street from a private drive is not one of them. The ordinance specifically applies to turning into a driveway from a roadway. Conspicuously absent is any regulation of turning from a private driveway onto a public street. The State's bizarre interpretation of the ordinance defies common sense and would cause virtually every employed citizen of Wichita who drives a car to work and who works outside the home to start every workday with a traffic violation by backing out of the driveway at his or her home and onto the adjoining street without the use of a turn signal. An individual such as Officer Wannow whose employment by the city specifically includes enforcing the city's traffic ordinances is charged with knowledge of those ordinances and a common sense interpretation of them. The movement of Brooker's vehicle from the parking lot onto the adjoining street did not warrant a traffic stop.

Absent a traffic infraction, there was no reasonable suspicion to stop Brooker's vehicle. The officer's only information regarding the vehicle or its occupants was that the driver had purchased two boxes of cold pills, a six-pack of bottled water, and some table salt. In *State v. Schneider*, 32 Kan. App. 2d 258, 80 P.3d 1184 (2003), this court agreed with the trial court that evidence that two people each bought two boxes of cold pills (twice the amount observed here) did not constitute reasonable suspicion to justify a stop. Granted, Brooker also purchased salt, and salt is used in the meth-

amphetamine production process. Salt is also a compound that is essential to the maintenance of human life. It has been used and consumed by every person, in every society, in every corner of the globe since before the dawn of human history. To predicate a stop upon the additional purchase of so ubiquitous a substance is not reasonable. While it is clear that the purchase of items used in the production of methamphetamine can provide reasonable suspicion to justify a stop, the mere purchase of two boxes of cold tablets, a six-pack of bottled water, and ordinary table salt is not the basis for reasonable suspicion that a crime has been, is being, or is about to be committed.

Reversed.